UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOE LEE FULGHAM, (#170034)

        Petitioner,

v.                                         CIVIL ACTION NO. 2:20cv167

ROBERT F. McDONNELL, et al.,

        Respondent.

### REPORT & RECOMMENDATION FOR DISMISSAL

Petitioner Joe Lee Fulgham ("Fulgham" or "Petitioner") is a frequent filer of habeas actions pursuant to 28 U.S.C. § 2254 and § 2241 in this court, all of which continue to challenge his involuntary commitment by the Commonwealth of Virginia as a sexually violent predator. Va. Code Sec. 37.2-900 et. seq. Fulgham's current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 follows the same pattern, prematurely requesting relief in this court before exhausting state remedies.

After review of Fulgham's Patient Transaction Report from November 12, 2019 through May 12, 2020, from the Department of Behavioral Health & Development Services, the Court hereby GRANTS his request to proceed in forma pauperis.[1]

In reviewing Fulgham's petition and various submissions, it does not appear that he has alleged any facts which would permit the court to find that he has exhausted his current claims. "Exhaustion is a matter of comity to the state courts and failure to exhaust requires dismissal from federal court so that a petitioner may present his claims to a state court." Sparrow v. Director, 439

---

[1] Fulgham did not file a separate request to proceed in forma pauperis, but instead noted on his filing that he was signing it "under forma pauperis," which the court construed as a request to proceed in forma pauperis.

1

F. Supp. 2d 584, 587 (E.D. Va. 2006). For those in the custody of the Commonwealth, this requires that the petitioner present the factual and legal claims raised in his habeas petition to the Supreme Court of Virginia, either by way of direct appeal, a state habeas petition, or appeal of a Circuit Court's denial of a habeas petition. Id.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Based on the foregoing, it is does not appear that Fulgham has exhausted his state court remedies in conformity with 28 U.S.C. § 2254(b). This court must decline to reach the merits of the petition until the state courts have been afforded full opportunity to consider Petitioner's contentions. See Strader v. Allsbrook, 656 F.2d 67 (4th Cir. 1981). (citing Picard v. Connor, 404 U.S. 270 (1971)). Accordingly, Petitioner has failed to exhaust his state remedies and the undersigned recommends that his petition be DENIED and DISMISSED without prejudice to his right to present his claims at a later date.

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C.

§ 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at the address on file with the court.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 28, 2020

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

**Joe Lee Fulgham**
#170034
Virginia Center for Behavioral Rehabilitation
4901 E. Patrick Henry Hwy.
P. O. Box 548
Burkeville, VA 23922

Fernando Galindo, Clerk

By ___/s/ J.L. Meyers___
                          Deputy Clerk

___May 29___, 2020